FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

2014 AUG -1  P 3: 50

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| GLOBAL TOUCH SOLUTIONS, LLC, | Case No. | 2:14 CV 390 (RAJ) |
| Plaintiff, | | |
| v. | | JURY TRIAL DEMANDED |
| APPLE INC., | | |
| Defendant. | | |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Global Touch Solutions, LLC ("GTS" or "Plaintiff") makes the following allegations against Apple Inc. ("Apple" or "Defendant").

## PARTIES

1. Plaintiff GTS is a Delaware Limited Liability Company with its principal place of business at 8133 Leesburg Pike, Suite 310, Vienna, VA 22182.

2. On information and belief, Apple Inc. is a corporation organized under the laws of the State of California with its principal place of business located at 1 Infinite Loop, Cupertino, California 95014.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Defendant has transacted business in this judicial district, directly or

1

through intermediaries, and has committed acts of direct patent infringement in this judicial district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,994,726

5. GTS re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 4.

6. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§271 *et seq.*

7. GTS is the owner by assignment of United States Patent No. 7,994,726 (the "'726 Patent") entitled "Intelligent User Interface Including a Touch Sensor Device." The '726 Patent is valid and enforceable and was duly issued on August 8, 2011. Plaintiff has all rights to recover for past and future acts of infringement of the '726 Patent. A true and correct copy of the '726 Patent is attached hereto as Exhibit A.

8. On information and belief, Apple has been and now is infringing the '726 Patent in this judicial district, and elsewhere in the United States, including at least claims 1, 3-10, 19, 20 and 27 through, among other things, the manufacture, use, sale, offers for sale within the United States, and importation of products into the United States, including, without limitation, iPhone and iPad products, which at minimum include every element of claims 1, 3-10, 19, 20 and 27 of the '726 Patent. Apple is thereby liable for infringement of the '726 Patent pursuant to 35 U.S.C. § 271(a).

9. Apple manufactures, uses, sells, offers for sale, and imports products, including, but not limited to its iPhone and iPad products that include a lock screen coupled with display of radio status information. Apple thereby has been and is presently directly and literally infringing the '726 Patent.

10. Should Apple proffer an interpretation of any claim element that differs from GTS's, GTS intends to show direct infringement of those elements by demonstrating that they are no more than insubstantial differences between the element and the features of the accused products.

11. Apple's instructions and marketing materials directed to end users of its products encourage use of the claimed features of the '726 Patent. After the date of this action, such actions will constitute inducement of infringement by others pursuant to 35 U.S.C. § 271(b).

12. GTS has been damaged as a result of Apple's infringing conduct described in this Count. Apple is thus, liable to GTS in the amount that adequately compensates GTS for Apple's infringement, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. §284. Apple has had constructive notice of the '726 Patent since its date of issuance, and GTS seeks recovery for the period consistent with 35 U.S.C. §§ 286 and 287(a).

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,498,749

13. GTS re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 4.

14. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§271 *et seq*.

15. GTS is the owner by assignment of United States Patent No. 7,498,749 (the "'749 Patent") entitled "Intelligent Electrical Switching Device Including a Touch Sensor User Interface Switch." The '749 Patent was issued on March 3, 2009. GTS has all rights to recover for past and future acts of infringement of the '749 Patent. A true and correct copy of the '749 Patent is attached hereto as Exhibit B.

3

16. On information and belief, Apple has been and now is infringing the '749 Patent in this judicial district, and elsewhere in the United States, including at least claims 21 and 23 through, among other things, the manufacture, use, sale, offers for sale within the United States, and importation of products into the United States, including, without limitation, its iPhone and iPad products, which at minimum include every element of claims 21 and 23 of the '749 Patent. Apple is thereby liable for infringement of the '749 Patent pursuant to 35 U.S.C. § 271(a).

17. Apple manufactures, uses, sells, offers for sale, and imports products, including, but not limited to its iPhone and iPad products that include a lock screen coupled with display of radio information. Apple thereby has been and is presently directly and literally infringing the '749 Patent.

18. Should Apple proffer an interpretation of any claim element that differs from GTS's, GTS intends to show direct infringement of those elements by demonstrating that they are no more than insubstantial differences between the element and the features of the accused products.

19. Apple's instructions and marketing materials directed to end users of its products encourage use of the claimed features of the '749 Patent. After the date of this action, such actions will constitute inducement of infringement by others pursuant to 35 U.S.C. § 271(b).

20. GTS has been damaged as a result of Apple's infringing conduct described in this Count. Apple is thus, liable to GTS in the amount that adequately compensates GTS for Apple's infringement, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. §284. Apple has had constructive notice of the '749 Patent since its date of issuance, and GTS seeks recovery for the period consistent with 35 U.S.C. §§ 286 and 287(a).

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 7,329,970

21.  GTS re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 4.

22.  This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§271 *et seq.*

23.  GTS is the owner by assignment of United States Patent No. 7,329,970 (the "'970 Patent") entitled "Touch Sensor and Location Indicator Circuits." The '970 Patent is valid and enforceable and was duly issued on February 12, 2008. Plaintiff has all rights to recover for past and future acts of infringement of the '970 Patent. A true and correct copy of the '970 Patent is attached hereto as Exhibit C.

24.  On information and belief, Apple has been and now is infringing the '970 Patent in this judicial district, and elsewhere in the United States, including at least claims 1, 3-5, 10-14, 19, 48, 49, 51 and 52 through, among other things, the manufacture, use, sale, offers for sale within the United States, and importation of products into the United States, including, without limitation, its iPhone and iPad products, which at minimum include every element of claims 1, 3-5, 10-14, 19, 48, 49, 51 and 52 of the '970 Patent. Apple is thereby liable for infringement of the '970 Patent pursuant to 35 U.S.C. § 271(a).

25.  Apple manufactures, uses, sells, offers for sale, and imports products, including, but not limited to its iPhone and iPad that include a lock screen coupled with display of radio information. Apple thereby has been and is presently directly and literally infringing the '970 Patent.

26.  Should Apple proffer an interpretation of any claim element that differs from GTS's, GTS intends to show direct infringement of those elements by demonstrating that they

are no more than insubstantial differences between the element and the features of the accused products. Apple has had constructive notice of the '970 Patent since its date of issuance, and GTS seeks recovery for the period consistent with 35 U.S.C. §§ 286 and 287(a).

27. Apple's instructions and marketing materials directed to end users of its products encourage use of the claimed features of the '970 Patent. After the date of this action, such actions will constitute inducement of infringement by others pursuant to 35 U.S.C. § 271(b).

28. GTS has been damaged as a result of Apple's infringing conduct described in this Count. Apple is thus, liable to GTS in the amount that adequately compensates GTS for Apple's infringement, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. §284. Apple has had constructive notice of the '970 Patent since its date of issuance, and GTS seeks recovery for the period consistent with 35 U.S.C. §§ 286 and 287(a).

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 7,781,980

29. GTS re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 4.

30. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§271 *et seq*.

31. GTS is the owner by assignment of United States Patent No. 7,781,980 (the "'980 Patent") entitled "Intelligent User Interface Including a Touch Sensor Device." The '980 Patent is valid and enforceable and was duly issued on August 24, 2010. Plaintiff has all rights to recover for past and future acts of infringement of the '980 Patent. A true and correct copy of the '980 Patent is attached hereto as Exhibit D.

32. On information and belief, Apple has been and now is infringing the '980 Patent in this judicial district, and elsewhere in the United States, including at least claims 1, 3-5 and 32 through, among other things, the manufacture, use, sale, offers for sale within the United States, and importation of products into the United States, including, without limitation, its iPhone and iPad products, which at minimum includes every element of claims 1, 3-5 and 32 of the '980 Patent. Apple is thereby liable for infringement of the '980 Patent pursuant to 35 U.S.C. § 271.

33. Apple manufactures, uses, sells, offers for sale, and imports products, including, but not limited to its iPhone and iPad products that include a lock screen coupled with display of radio information. Apple thereby has been and is presently directly and literally infringing the '980 Patent.

34. Should Apple proffer an interpretation of any claim element that differs from GTS's, GTS intends to show direct infringement of those elements by demonstrating that they are no more than insubstantial differences between the element and the features of the accused products.

35. Apple's instructions and marketing materials directed to end users of its products encourage use of the claimed features of the '980 Patent. After the date of this action, such actions will constitute inducement of infringement by others pursuant to 35 U.S.C. § 271(b).

36. GTS has been damaged as a result of Apple's infringing conduct described in this Count. Apple is thus, liable to GTS in the amount that adequately compensates GTS for Apple's infringement, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. §284. Apple has had constructive notice of the '980 Patent since its date of issuance, and GTS seeks recovery for the period consistent with 35 U.S.C. §§ 286 and 287(a).

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 8,288,952

37. GTS re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 4.

38. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§271 *et seq.*

39. GTS is the owner by assignment of United States Patent No. 8,288,952 (the "'952 Patent") entitled "Intelligent User Interface Including a Touch Sensor Device." The '952 Patent is valid and enforceable and was duly issued on October 15, 2012. Plaintiff has all rights to recover for past and future acts of infringement of the '952 Patent. A true and correct copy of the '952 Patent is attached hereto as Exhibit E.

40. On information and belief, Apple has been and now is infringing the '952 Patent in this judicial district, and elsewhere in the United States, including at least claims 1-4, 14, 16, 17, 19, 22-24, 26, 27 and 38-40 through, among other things, the manufacture, use, sale, offers for sale within the United States, and importation of products into the United States, including, without limitation, its iPhone and iPad products, which at minimum include every element of claims 1-4, 14, 16, 17, 19, 22-24, 26, 27 and 38-40 of the '952 Patent. Apple is thereby liable for infringement of the '952 Patent pursuant to 35 U.S.C. § 271.

41. Apple manufactures, uses, sells, offers for sale, and imports products, including, but not limited to its iPhone and iPad products that include a lock screen coupled with display of radio information. Apple thereby has been and is presently directly and literally infringing the '952 Patent.

42. Should Apple proffer an interpretation of any claim element that differs from GTS's, GTS intends to show direct infringement of those elements by demonstrating that they

are no more than insubstantial differences between the element and the features of the accused products.

43. Apple's instructions and marketing materials directed to end users of its products encourage use of the claimed features of the '952 Patent. After the date of this action, such actions will constitute inducement of infringement by others pursuant to 35 U.S.C. § 271(b).

44. GTS has been damaged as a result of Apple's infringing conduct described in this Count. Apple is thus, liable to GTS in the amount that adequately compensates GTS for Apple's infringement, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. §284. Apple has had constructive notice of the '952 Patent since its date of issuance, and GTS seeks recovery for the period consistent with 35 U.S.C. §§ 286 and 287(a).

## CAUSE OF ACTION

45. GTS repeats and re-alleges the allegations set forth in Paragraphs 1 through 44 as if those allegations had been set forth herein.

46. Defendants, without authorization or license and in violation of 35 U.S.C. § 271(a) and (b) have been and is infringing the '726, '749, '970, '980 and '952 Patents literally or under the doctrine of equivalents, directly or indirectly, including by knowingly or specifically intending to induce infringement by others.

47. Defendants' infringement occurring after the date of this action will constitute willful infringement.

48. Defendants' unauthorized use of GTS's patented-technology causes GTS harm.

## PRAYER FOR RELIEF

WHEREFORE, in consideration of the foregoing, GTS respectfully request that this Honorable Court enter judgment against Defendant, and in favor of GTS. GTS prays that this Court:

A.  judgment in favor of GTS that Defendant has willfully infringed the '726, '749, '970, '980 and '952 Patents, directly and indirectly, as aforesaid;

B.  award GTS all relief available under § 284 of the Patent Act, including monetary damages, for Defendants' infringement in an amount to be determined by the trier of fact;

C.  award GTS all relief available under § 285 of the Patent Act, including the costs of this litigation as well as expert witness and attorneys' fees;

D.  order payment of all applicable interests, including prejudgment interest; and

E.  award GTS any equitable relief the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

GTS demands a trial by jury of any and all issues triable of right before a jury pursuant to Fed. R. Civ. P. 38.

Dated: August 1, 2014

Respectfully Submitted,

_____
Alan A. Wright
awright@park-law.com
Hae-Chan Park
hpark@park-law.com
H.C. PARK & ASSOCIATES, PLC
1894 Preston White Drive
Reston, VA 20191
Telephone:(703) 544-9257
Facsimile: (703) 288-5139

**ATTORNEYS FOR PLAINTIFF
GLOBAL TOUCH SOLUTIONS, LLC**